

FILED
**Sep 13, 2019**
**01:20 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Ruben Diaz | ) Docket No. 2019-06-0263 |
| | ) |
| v. | ) State File No. 9687-2019 |
| | ) |
| Create and Construct, LLC | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Kenneth M. Switzer, Chief Judge | ) |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee reported suffering injuries to his ribs and back when he fell while pushing a wheelbarrow of wet concrete. The employer declined to provide workers' compensation benefits, asserting that the company was exempt from the requirement of obtaining workers' compensation insurance. The employee sought medical treatment on his own and filed a petition seeking medical care and temporary disability benefits. Following an expedited hearing at which the employer did not appear, the trial court found that the employee's injuries arose primarily out of his employment and that he was entitled to medical benefits. The court denied the employee's request for temporary disability benefits. The employer has appealed, asserting it did not receive notice of the hearing. We affirm the trial court's decision and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Johnathan Jackson Pledger, Franklin, Tennessee, for the employer-appellant, Create and Construct, LLC

Ruben Diaz, Antioch, Tennessee, employee-appellee, pro se

# Memorandum Opinion[1]

Ruben Diaz ("Employee"), a thirty-six-year-old resident of Davidson County, Tennessee, purportedly suffered injuries to his ribs and back while working for Create and Construct, LLC ("Employer"). On December 30, 2018, Employee was guiding a wheelbarrow of wet concrete on a wet walkway when he slipped and fell. He reported the injury to Lance Pettyjohn, an owner of Employer, the following day. Mr. Pettyjohn did not offer medical care, and Employee sought treatment at an emergency room.

After Employee filed a petition for benefits, the Bureau of Workers' Compensation performed an investigation of Employer due to its apparent lack of workers' compensation insurance. Brendan Glean, another owner of Employer, advised the investigator that he believed the company was exempt from the requirement of providing workers' compensation coverage.

The trial court conducted a hearing on July 2, 2019, at which Employer did not appear. The court concluded that, because Employer was a construction services provider, it was required to have workers' compensation coverage and was not relieved of this obligation by exempting its owners from coverage. The court also found Employee was likely to prevail in showing he suffered injuries arising primarily out of his employment and was entitled to a panel of orthopedic specialists and the payment of medical bills already incurred. The court denied Employee's request for temporary disability benefits.

On July 16, 2019, Employer filed a notice of appeal, stating "[a]s grounds, [Employer] would show that it did not receive notice of the hearing held on July 2, 2019." However, neither party has filed a brief on appeal, a transcript of the hearing, or a joint statement of the evidence. Other than the conclusory statement cited above, Employer has identified no issues on appeal, has not described any way in which the trial court erred, has provided no argument, and has requested no relief. In addition, the record on appeal reflects that notice of the hearing was sent to Employer via certified mail and that it was delivered. Employer has provided no proof to the contrary. As we have observed on numerous occasions, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). We decline to do so here. We affirm the decision of the trial court, remand the case, and tax the costs on appeal to Employer.

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Ruben Diaz | ) | Docket No. 2019-06-0263 |
| | ) | |
| v. | ) | State File No. 9687-2019 |
| | ) | |
| Create and Construct, LLC | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 13th day of September, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Ruben Diaz | X | | | | 401 Sky Gap Court Antioch, TN 37013 |
| Jonathan Pledger | | | | X | jpledger@waterfordlaw.com |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov